# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DARLA J. WILLS,**

      **Plaintiff,**

v.

**HONDA OF AMERICA MFG., INC.,**

      **Defendant.**

Case No. 2:11-cv-717
JUDGE GREGORY L. FROST
Magistrate Judge E.A. Preston Deavers

## OPINION AND ORDER

This matter is before the Court on Defendant Honda of America Mfg., Inc.'s ("Honda") Motion to Dismiss Plaintiff's ERISA Discrimination Claim (ECF No. 7), Plaintiff Darla J. Wills' Response in Opposition to Honda's Motion to Dismiss ERISA Discrimination Claim (ECF No. 11), and Honda's Reply in Support of Motion to Dismiss Plaintiff's ERISA Discrimination Claim (ECF No. 13). For the reasons that follow, the Court **GRANTS** Honda's motion.

### I. Background

The facts in this section are taken from Plaintiff's amended complaint. (ECF No. 6.) In the amended complaint, Plaintiff alleges three claims for relief: (1) termination in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, (2) discrimination in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140, and (3) disability discrimination in violation of the Ohio Civil Rights Act, Ohio Rev. Code § 4112.01, *et seq*. Honda moves for dismissal only of Plaintiff's ERISA claim.

Plaintiff was employed at Honda beginning in 1986 until she was terminated on June 27, 2011. Plaintiff alleges that some time prior to 2003, she was diagnosed with "chronic high blood pressure" and has received treatment for that condition. (ECF No. 6 ¶ 6.) She further alleges

1

that such treatment has been paid for through Plaintiff's medical benefits provided through her employment with Honda and that Honda is fully self-insured for its employee medical benefits plan and it[s] short-term disability plan. *Id.* ¶¶ 7-8.

Plaintiff alleges that she was falsely accused of having made a derogatory statement about Defendant and that she was discharged for allegedly falsifying information in connection with a day she took off of work.

Plaintiff claims that she was discriminatorily discharged in violation of § 510 of ERISA "due to her extensive and expensive use of [Honda]'s medical benefits plan, and the expected continuation of such usage" and because Honda "perceived her, as a person with incurable chronic high blood pressure for a significant period of time, as a significant risk to make greater usage of its medical benefits plan." *Id.* ¶¶ 27-28. Plaintiff further alleges that "[i]n discharging her, [Honda] acted as much like an insurance company canceling a risky policy, as it acted like an employer discharging an employee." *Id.* ¶ 28.

## II. Standard

Honda moves to dismiss Plaintiff's ERISA claim for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual

2

allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. "The court must 'accept all the . . . factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[].' " *Louisville/Jefferson County Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 384 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

### III. Discussion

Under ERISA § 510, it is illegal for an employer to "discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140. Honda argues that it is entitled to dismissal of Plaintiff's ERISA claim because the claim is based on pure speculation, not supported by any factual allegations. This Court agrees.

In order to survive a motion to dismiss, a plaintiff must allege enough factual details to permit the court to infer more than the mere possibility of discrimination. *Iqbal*, 129 S.Ct. at 1950) ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.' ") (quoting Fed. Rule Civ. Proc. 8(a)(2)). Plaintiff's allegations boil down to the following: (1) she had been using Honda's benefit plans since 2003 for her chronic high blood pressure and would likely have continued to use the plan in the future; (2) Honda has a self insured health and short term disability plan; and (3) she was terminated. From these allegations the Court cannot infer more than a mere possibility of misconduct, which is insufficient to state a claim upon which relief can be granted.

3

As a practical matter, if such allegations were sufficient to withstand a motion to dismiss, then any employee who utilizes her employer's self-insured benefit plans and who is ultimately terminated could bring an ERISA discrimination claim on the theory that the employer "may" have been motivated by a desire to reduce its medical benefits costs. *See Perrmann v. CF Industries, Inc.*, No. 1:05-cv-633, 2006 U.S. Dist. LEXIS 92525, *7 (S.D. Ohio 2006) (if ERISA liability were to arise under such facts, "then any employer who provides ERISA benefits would face an ERISA § 510 discrimination claim every time the employer fired a participant employee, no matter the reason for the termination."); *see also Estate of Suskovich v Anthem Health Plans of Va., Inc.*, 1:06-CV-0425-SEB-JMS, 2007 U.S. Dist. LEXIS 29071, 41 Employee Benefits Cas. (BNA) 1308 (S.D. Ind. Dec. 10, 2007) (similar allegations insufficient to state a claim upon which relief can be granted under § 510 of ERISA).

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Honda's Motion to Dismiss Plaintiff's ERISA Discrimination Claim. (ECF No. 7.) Plaintiff's other two claims remain pending.

**IT IS SO ORDERED.**

>  **/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**