UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DARLA J. WILLS,

      Plaintiff,

v.

HONDA OF AMERICA MFG., INC.,

      Defendant.

Case No. 2:11-cv-717
JUDGE GREGORY L. FROST
Magistrate Judge E.A. Preston Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Darla J. Wills's Motion to Dismiss Claims without Prejudice. (ECF No. 18.) Also before the Court are Defendant Honda of America Mfg., Inc.'s Memorandum in Opposition (ECF No. 19) and Plaintiff's Reply in Support (ECF No. 21). For the reasons set forth below, the Plaintiff's Motion is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE.**

### I. Background

In this action, Plaintiff Wills alleges the wrongful termination of her employment within the Assembly Department of Defendant Honda's facility located in Union County, Ohio. Wills's original Complaint alleged wrongful discharge under the Employee Retirement Income Security Act ("ERISA") (namely 29 U.S.C. § 1140), violation of the federal Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and a state-law claim of disability discrimination under Ohio Rev. Code Chapter 4112. (*See* ECF No. 1.) After Honda filed an Answer (ECF No. 3) and a Motion to Dismiss the ERISA claim (ECF No. 2), Plaintiff filed an Amended Complaint (ECF No. 6).

The Amended Complaint alleged the same three causes of action as the original Complaint. (*See id.*) Honda responded to the Amended Complaint just as it responded to the original Complaint: it filed an Answer to the Amended Complaint and a Motion to Dismiss the ERISA claim for failure to state a claim upon which relief could be granted. (ECF Nos. 7 and 8.) Over the Plaintiff's Opposition (ECF No. 11), this Court granted Honda's Motion and dismissed Wills's ERISA claim. (ECF No. 17.)

Less than two months after this Court's Order dismissing the ERISA claim, Wills filed a motion to dismiss the entire action without prejudice under Fed. R. Civ. P. 41(a)(2), citing "health problems that have adversely her [*sic*] ability to pursue her claims at this time." (ECF No. 18.) Honda opposes the Motion, arguing that a "without prejudice" dismissal would cause it "plain legal prejudice" due to the "significant expenses in the form of attorneys [*sic*] fees" it has incurred in this action to date. (ECF No. 19.)

## II. Discussion

Plaintiff seeks a voluntary dismissal under Fed. R. Civ. P. 41(a)(2), which provides for a dismissal upon order of the court, at the plaintiff's request. Under Rule 41(a)(2), the dismissal is without prejudice unless otherwise specified in the court's order.

Whether dismissal should be granted under the authority of Rule 41(a)(2) is within this Court's sound discretion. Generally, a court should not dismiss a case without prejudice under Rule 41(a)(2) if the defendant would suffer "plain legal prejudice" as a result of such dismissal, as opposed to facing the mere prospect of a second lawsuit. *Grover v. Eli Lily and Company,* 33 F.3d 716, 718 (6th Cir. 1994). In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as: (1) the defendant's effort and expense of

preparation for trial; (2) any excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to take a dismissal; and (4) whether a motion for summary judgment has been filed by the defendant. *Id.* This Court does not need to resolve every factor in the Plaintiff's favor to conclude that dismissal without prejudice is warranted. *Nuovo v. Whitacre*, No. 2:10-cv-240, 2010 U.S. Dist. LEXIS 108195, at *6 (S.D. Ohio Sept. 28, 2010) (citing *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980)). The factors are more of a guide and discretion ultimately rests with the Court. *Id.*

Honda claims that undue prejudice from a "without prejudice" dismissal will arise from the fact that it has already incurred "significant expenses" to defend this lawsuit. Honda points to the fact that it had to twice move to dismiss Plaintiff's ERISA discrimination claim and the fact that the parties have already started written discovery in this matter. (Deft. Memo. in Opp., ECF No. 19, at 1.) If Wills is allowed to dismiss this case *without* prejudice, Honda says that it will be faced with the burden of responding to the Plaintiff's discovery requests in a refiled case. (*Id.* at 1-2.) Honda also casts a skeptical eye on Plaintiff's reason for a voluntary dismissal, saying that she "has offered no explanation as to why her 'health problems' prevent her from pursuing her claims" at this time. (*Id.* at 2.)

Applying the aforementioned *Grover* factors, the Court does not find "plain legal prejudice" to Honda that should preclude a Rule 41(a)(2) dismissal without prejudice. While the Court is cognizant of the fact that Honda has devoted time and effort to discovery and two motions to dismiss Plaintiff's ERISA claim, the relatively short period of time this case has been pending (since August 2011) militates against a finding of undue prejudice. On this point, the Court notes that Honda's two motions to dismiss the Plaintiff's ERISA discrimination claims

(one in response to the original Complaint and one in response to the Amended Complaint) were not materially different from one another. Thus, notwithstanding Honda emphasizing that it "had to pursue two motions to dismiss," it does not appear to the Court that the second motion was a considerable expense over the first one.

As to the effort devoted to discovery in this case to date, the parties' briefing on the Plaintiff's Motion does not show that discovery has been extensive. Even if Honda were required to redo the discovery it has already done in this case, it has provided no details as to how that duplication of effort (to the extent there would be any) would impose such a great or unreasonable burden upon it. Moreover, it appears that much of the effort and expense devoted to this case would be useful in a subsequently filed action, a factor that cuts against a finding of plain legal prejudice. *See Rosenthal v. Bridgetsone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007). For all of these reasons, the first *Grover* factor does not indicate "plain legal prejudice" from a voluntary dismissal without prejudice. *See Pennington v. Lake Local Schs. Bd. of Edn.*, 257 F.R.D. 629, 633 (N.D. Ohio 2009) (finding no plain legal prejudice when case had been pending less than a year and the record did not show exceptional discovery efforts or excessive motion practice).

Nor do any of the remaining factors militate against Wills's requested dismissal. In her Reply in Support of the Motion, Wills provided a satisfactory explanation for her request for a voluntary dismissal without prejudice (*viz.*, suffering a heart attack on October 31, 2011, undergoing major surgery, and currently undergoing rehabilitation). (*See* Pltf. Reply, ECF No. 21.) And as this case has been pending for less than a year, the Court cannot say there has been excessive delay or lack of diligence in Plaintiff's pursuit of the action. Finally (and not

4

surprisingly given the relatively early stage of the case), there is no pending motion for summary judgment that would escape adjudication in the event of a voluntary dismissal.

Taking into consideration the *Grover* factors, it does not appear that granting Wills's Rule 41(a)(2) motion would create plain legal prejudice to Honda. Even assuming that Wills were to refile this action, that fact does not constitute sufficient prejudice that would support denying her request for a "without prejudice" dismissal. *See Nuovo*, *supra*, at *11.

### IV. Conclusion

For the foregoing reasons, the Plaintiff's Motion (ECF No. 18) is **GRANTED**. The Court hereby **DISMISSES** this case **WITHOUT PREJUDICE**.

Pursuant to S. D. Ohio Civ. R. 41.1, any future action or actions brought by Plaintiff against Defendant that alleges a claim or claims predicated upon or involving to any degree the same events giving rise to the instant litigation and filed in the United States District Court for the Southern District of Ohio shall be assigned or transferred to the undersigned judge. Counsel or any party proceeding without representation are responsible for bringing to the attention of the Court any relationship between a subsequent new case and this dismissed action.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**